UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CINDY CRANE CREECH** § § §  plaintiffs, § § v. § § **DEUTSCHE BANK NATIONAL TRUST** § **COMPANY, AS TRUSTEE, IN TRUST** § **FOR REGISTERED HOLDERS OF** § **LONG BEACH MORTGAGE LOAN** § **TRUST 2005-WL1, ASSET-BACKED** § **CERTIFICATES, SERIES 2005-WL1** § §  defendant. § | Case 4:25-cv-1734 |

## DEUTSCHE BANK'S DISMISSAL MOTION

Deutsche Bank National Trust Company, as trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, Series 2005-WL1 (**Deutsche Bank**) moves for judgment on Cindy Crane Creech's pleading pursuant to Federal Rule of Civil Procedure 12(c) as follow:

### I.   SUMMARY

1. This lawsuit is solely designed to stall a foreclosure sale. Not only does it fail to state minimally required facts to support a plausible claim for relief, but also the publicly available documents upon which Ms. Creech relies to support her legal theories directly refute her claims. This meritless suit should be summarily dismissed.

## II. TABLE OF CONTENTS

Page(s)

I. SUMMARY ................................................................................................................ 1

II. TABLE OF CONTENTS .......................................................................................... 2

IV. NATURE & STAGE OF THE PROCEEDING ...................................................... 5

V. STATEMENT OF THE ISSUES & STANDARD OF REVIEW ......................... 5

Vi. background.................................................................................................................. 6

III. ARGUMENTS & ANALYSIS ................................................................................. 7

  A. Ms. Creech does not allege a sufficient breach of contract claim. ............. 7

    (i) Ms. Creech does not identify any provision breached............. 8

    (ii) Deutsche Bank has authority to foreclose. ............................. 8

    (iii) Deutsche Bank did not violate the order authorizing foreclosure. ................................................................................ 9

    (iv) Ms. Creech has no damages. ................................................. 10

  B. Ms. Creech is not entitled to an accounting. ............................................. 10

  C. Ms. Creech is not entitled to declaratory or injunctive relief. .................. 11

VI. PRAYER ................................................................................................................... 12

## III.  TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 8, 9

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 8

*Bell v. Wells Fargo Bank, N.A.*,
    No. 4:14-CV-388-Y, 2017 U.S. Dist. LEXIS 222347 (N.D. Tex. Oct. 13,
    2017) ......................................................................................................................... 14

*Bourgeois v. Select Portfolio Servicing, Inc.*,
    No. 3:22-cv-146, 2023 U.S. Dist. LEXIS 97303 (S.D. Tex. May 1, 2023) ............... 14

*Brinkley v. Pennymac Loan Servs., LLC*,
    No. 3:18-cv-383-G-BN, 2018 U.S. Dist. LEXIS 195992 (N.D. Tex. 2018) ............. 13

*Cinel v. Connick*,
    15 F.3d 1338 (5th Cir. 1994) ........................................................................................ 9

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ........................................................................................ 9

*Escobar v. Select Portfolio Servicing, Inc.*,
    No. SA-23-CV-00579-XR, 2023 U.S. Dist. LEXIS 171712 (W.D. Tex. Sep.
    26, 2023) .................................................................................................................... 11

*Gilliam v. JPMorgan Chase Bank, N.A.*,
    No. H-18-2698, 2019 U.S. Dist. LEXIS 108086 (S.D. Tex. 2019) ........................... 12

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ........................................................................................ 8

*Guajardo v. JP Morgan Chase Bank, N.A.*,
    605 F. App'x 240 (5th Cir. 2015) ............................................................................... 11

*Johnson v. Wells Fargo Bank, N.A.*,
    999 F. Supp. 2d 919 (N.D. Tex. 2014) ...................................................................... 15

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ........................................................................................ 9

*Moye v. Fed. Home Loan Mortgage Corp.*,
   CIV.A. H-12-0502, 2012 U.S. Dist. LEXIS 104367, 2012 WL 3048858 (S.D.
   Tex. July 25, 2012) (Ellison, J.)..................................................................................14

*Reliable Consultants, Inc. v. Earle*,
   517 F.3d 738 (5th Cir. 2008) .......................................................................................8

*Scanlan v. Tex. A&M Univ.*,
   343 F.3d 533 (5th Cir. 2003) .......................................................................................9

*Searcy v. Wells Fargo Home Mortg.*,
   No. 3:14-CV-3411-B, 2015 U.S. Dist. LEXIS 31954, 2015 WL 1182836
   (N.D. Tex. Mar. 16, 2015) .........................................................................................11

*Smallwood v. Bank of Am., N.A.*,
   No. 3:15-CV-601-M, 2015 U.S. LEXIS 153751 (N.D. Tex. Oct. 28, 2015)...............9

*Smith Internat'l, Inc. v. Egle Grp., LLC*,
   490 F.3d 380 (5th Cir. 2007) .....................................................................................10

*Spraggins v. Caliber Home Loans Inc*,
   No. 3:20-cv-01906-S-BT, 2020 U.S. Dist. LEXIS 249011 (N.D. Tex. 2020) ..........13

*T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*,
   79 S.W.3d 712 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) ......................14

*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) .......................................................................................8

*Williams v. Wells Fargo Bank, N.A.*,
   560 F. App'x 233 (5th Cir. 2014)...............................................................................11

**Statutes**

Tex. Prop. Code § 51.0001(4)...............................................................................................9

Tex. Prop. Code § 51.0025 .................................................................................................12

Texas Property Code chapter 51 .........................................................................................12

**Other Authorities**

Fed. R. Evid. 201(b)(2).........................................................................................................9

rule 12(b)(6)..........................................................................................................................8

rule 12(c)...............................................................................................................................8

Tex. Const. art. XVI, § 50(a)(6)(D)....................................................................................12

## IV. NATURE & STAGE OF THE PROCEEDING

1. Ms. Creech filed this suit on March 31, 2025 to avoid a foreclosure sale. (not. of removal, dkt. 1-2.) This case was removed to this court on April 15, 2025 and a scheduling conference is set for August 8, 2025 at 3:00 pm. (order for conf. dkt. 4.)

## V. STATEMENT OF THE ISSUES & STANDARD OF REVIEW

2. The issues to be decided in this motion are whether Deutsche Bank is entitled to dismissal of Ms. Creech's claims for breach of contract, declaratory judgment, and injunctive relief. (not. of removal, dkt. 1-2.)

3. The standard for deciding a motion under rule 12(c) is the same as for deciding a motion to dismiss under rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a rule 12(c) motion is identical to that used in a rule 12(b)(6) motion." (citation and internal quotation marks omitted)). Rule 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atl. v. Twombly,* 550 U.S. 544, 555-56 (2007). The facts actually pleaded must, on their face, give rise to a plausible

claim for relief. *Iqbal*, 556 U.S. at 678-79. A complaint must offer more than an "unadorned, the-defendant unlawfully-harmed-me accusation." *Id.*

4.  A court may consider not only the allegations in the complaint, but any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). All documents attached or referred to in the plaintiff's complaint and central to the action are considered "incorporated in the pleading." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-90 (5th Cir. 2000) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim."). In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

## VI.  BACKGROUND

5.  Cindy Crane Creech took out a $316,000 home equity loan secured by a Texas Home Equity Security Instrument (**deed of trust**) against the property at 2902 G West Lane, Houston, Texas. (pet. at ¶¶ 9-10, dkt. 1-2, deed of trust, **ex. 1**)[1] Deutsche Bank is the mortgagee of the deed of trust. (pet. at ¶ 11, dkt. 1-2; assignments, **ex. 2**); Tex. Prop. Code § 51.0001(4) ("'mortgagee' means . . . if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.")

---

[1] Deutsche Bank requests the court judicially notice exhibits 1-5, which consist of the deed of trust and assignment recorded in the Harris County real property records and the 736 action in the 129th District Court of Harris County, Texas. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.); *Smallwood v. Bank of Am., N.A.*, No. 3:15-CV-601-M, 2015 U.S. LEXIS 153751, at *4 (N.D. Tex. Oct. 28, 2015), *adopted by* 2016 U.S. LEXIS 47133 (N.D. Tex. Apr. 7, 2016) ("A deed of trust and an assignment of the deed of trust are matters of public record subject to judicial notice if the documents have been recorded in the official public records of the county.")

6. Ms. Creech admits Deutsche Bank filed a 736 Application for an expedited order authorizing foreclosure. (pet. at ¶¶ 9-10, dkt. 1-2, 736 application, **ex. 3**.) On January 13, 2025, the state district court entered an authorizing foreclosure but—based on the agreement of the parties—Deutsche Bank could "not post a notice of trustee [sale] before February 1, 2025, and no trustee sale may occur before April 1, 2025." (pet. at ¶ 12, dkt. 1-2, order, **ex. 4**.)

7. On February 10, 2025 Deutsche Bank filed a notice setting the property for an April 1, 2025 foreclosure sale. (pet. at ¶ 12, dkt. 1-2, notice of sale, **ex. 5**.) Ms. Creech now claims that after receiving the notice of sale, Deutsche Bank "failed to assess all credits due on her account." (pet. at ¶ 13, dkt. 1-2.) Premised on these allegations, Ms. Creech sues for (**1**) breach of contract, and (**2**) a declaration "specifying [Ms. Creech's and Deutsche Bank's] rights and duties in connection with the lien being enforced . . . the rights and responsibilities of the parties, and specifically preventing [Deutsche Bank] from pursuing a foreclosure sale at this time" and seeks injunctive relief. (*Id*. at ¶¶ 16-24, dkt. 1-2.)

### III.   ARGUMENTS & ANALYSIS

**A.   Ms. Creech does not allege a sufficient breach of contract claim.**

8. To state a breach of contract claim, Ms. Creech must allege facts showing (**1**) a valid contract exists, (**2**) she performed or tendered performance, (**3**) Deutsche Bank breached the contract, and (**4**) Ms. Creech sustained damages resulting from Deutsche Bank's breach. *Smith Internat'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Ms. Creech seemingly challenges (**a**) Deutsche Bank's "legal right to foreclose", and (**b**) contends its actions are "a breach of the underlying deed restrictions sought to be enforced." (pet. at ¶¶ 13, dkt. 1-2.) To properly plead a breach-of-contract claim, "a plaintiff must identify a specific provision of the contract that

was allegedly breached." *Escobar v. Select Portfolio Servicing, Inc.*, No. SA-23-CV-00579-XR, 2023 U.S. Dist. LEXIS 171712, at *5 (W.D. Tex. Sep. 26, 2023).

**(i)     Ms. Creech does not identify any provision breached.**

9.     Ms. Creech's breach of contract claim primarily fails because she makes no effort to identify a specific contractual provision that was allegedly breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provision in the contract that was breached."); *see also Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach-of-contract claim when the plaintiffs "generally claimed that [the defendant] breached the terms of the mortgage agreement and deed of trust but did not specify which provisions or obligations" the defendant breached). And although Ms. Creech contends Deutsche Bank "failed to assess all credits due to her account" she fails to identify which payments and/or credits were incorrectly assessed or how they conflict with the deed of trust. *See Searcy v. Wells Fargo Home Mortg.*, No. 3:14-CV-3411-B, 2015 U.S. Dist. LEXIS 31954, 2015 WL 1182836, at *3 (N.D. Tex. Mar. 16, 2015) (dismissing breach of contract claim reasoning "[a]t the very least, [a plaintiff] must identify which payments were misapplied and state her reasons for believing they were misapplied[.]").

**(ii)    Deutsche Bank has authority to foreclose.**

10.     Even if the court were to address the substance of the claim, it still fails. Ms. Creech takes issue with Deutsche Bank's "legal right to seek foreclosure." (orig. pet. at ¶ 23, dkt. 1-2). As a matter of law, she is incorrect because the property records confirm that the loan was assigned to Deutsche Bank. (assignments, **ex. 2**.)

11. In Texas, home equity loans require a court order for the lender to proceed with a nonjudicial foreclosure. Tex. Const. art. XVI, § 50(a)(6)(D). There is no dispute Deutsche Bank obtained the necessary order authorizing foreclosure. (pet. at ¶ 12, dkt. 1-2, order, **ex. 4**.) Texas Property Code chapter 51 authorizes a "mortgagee" to enforce a deed of trust through a non-judicial foreclosure sale, either directly or through a mortgage servicer. Tex. Prop. Code § 51.0025. A mortgagee is, among other things, the last person to whom the deed of trust has been assigned of record. *Id.* at § 51.0001(4)(C). Deutsche Bank is the mortgagee because it was the last person to whom the deed of trust was assigned of record. (assignment, **ex. 2**); *see Gilliam v. JPMorgan Chase Bank, N.A.*, No. H-18-2698, 2019 U.S. Dist. LEXIS 108086, at *11 (S.D. Tex. 2019) (last assignee of record of the deed of trust has standing to foreclose.).

### (iii) Deutsche Bank did not violate the order authorizing foreclosure.

12. Ms. Creech contends Deutsche Bank violated the order authorizing foreclosure because it set the property for an April 1, 2025 foreclosure sale. (pet. at ¶¶ 11-12, dkt. 1-2.) The order reads, in relevant part, as follows:

> Therefore, the Court grants Petitioner's *Motion for Entry of Order* and *Application for Expedited Foreclosure under Rule 736 on a Home Equity Loan* under Texas Rules of Civil Procedure 736.7 and 736.8. Petitioner, or successors in interest, may proceed with foreclosure of the property described above in accordance with applicable law and the loan agreement, contract or lien sought to be foreclosed.
>
> This Order is limited by an Agreement between the parties so that PETITIONER <u>shall not post a Notice of Trustee before February 1, 2025</u>, and <u>no Trustee Sale may occur before April 1, 2025</u>.

(order, **ex. 4**.)

13. Ms. Creech admits a notice of sale was not filed with the Harris County registry of deeds until February 10, 2025—nine days after the court-ordered deadline. (pet. at ¶ 12, dkt. 1-2; notice of sale, **ex. 5**.) The same notice informed Ms. Creech that a foreclosure sale was scheduled for April 1, 2025. (*Id*.) Deutsche Bank fully complied with the court's order because it posted notice of a sale after February 1, 2025 that would not "occur **before** April 1, 2025." (order, **ex. 4**) (emphasis added). Scheduling a sale to occur **on** April 1, 2025 violates neither the order, the note, nor the deed of trust.

  **(iv) Ms. Creech has no damages.**

14. Even assuming Ms. Creech could satisfy the pleading requirements for a breach of contract claim, it would otherwise fail because no foreclosure sale occurred and she does not plead she suffered any damages. *Spraggins v. Caliber Home Loans Inc*, No. 3:20-cv-01906-S-BT, 2020 U.S. Dist. LEXIS 249011, at *27 (N.D. Tex. 2020) ("In Texas, there are no damages recoverable under a breach of contract claim in the context of foreclosure if there is no foreclosure sale and the property owner maintains title and continuous possession of the property."); *Brinkley v. Pennymac Loan Servs., LLC*, No. 3:18-cv-383-G-BN, 2018 U.S. Dist. LEXIS 195992, at *29 (N.D. Tex. 2018) ("where no foreclosure took place, [filings fees, attorneys' fees, and potential loss of possession of the property] are at most a threat of damages as opposed to actual damages that would satisfy the damages element of a breach of claim contract.")). Because no foreclosure sale has occurred, Ms. Creech has failed to sufficiently plead damages to support her breach of contract claim.

**B. Ms. Creech is not entitled to an accounting.**

15. To the extent Ms. Creech's dispute of "the amount allegedly due under the loan" is construed as a request for an accounting, it fails. (pet. at ¶ 19, dkt. 1-2.) "To be entitled to an

accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (citing *Hunt Oil Co. v. Moore*, 656 S.W.2d 634, 642 (Tex. App.–Tyler 1983, writ ref'd n.r.e.)). If the right to an accounting exists, it is only proper to order it when "the facts and accounts presented are so complex adequate relief may not be obtained at law." *Id*.

16.     Here, there is no contractual or fiduciary right to an accounting. The deed of trust does not provide for one (*see generally*, deed of trust, **ex. 1**), and no fiduciary relationship exists between Ms. Creech and Deutsche Bank legally. *See e.g.*, *Bell v. Wells Fargo Bank, N.A.*, No. 4:14-CV-388-Y, 2017 U.S. Dist. LEXIS 222347, at *19 (N.D. Tex. Oct. 13, 2017) ("Texas courts have specifically held that there is no fiduciary relationship between a borrower and a lender."). Nor does Ms. Creech contend the facts applicable to this mortgage are so complex she cannot "obtain adequate relief at law through the use of standard discovery procedures . . ." *T.F.W. Mgmt., Inc.*, 79 S.W.3d at 717-18 (citing *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App.--El Paso 1993, writ denied). Furthermore, an accounting is a remedy, not an independent cause of action. *See Moye v. Fed. Home Loan Mortgage Corp.*, CIV.A. H-12-0502, 2012 U.S. Dist. LEXIS 104367, 2012 WL 3048858, at *5 (S.D. Tex. July 25, 2012) (Ellison, J.) ("Plaintiff's . . . accounting claim has no status independent of plaintiff[']s other claims") (quoting *Triple Tee Golf, Inc. v. Nike, Inc.*, 618 F. Supp. 2d 586, 599 n. 15 (N.D. Tex. 2009)).

C.     **Ms. Creech is not entitled to declaratory or injunctive relief.**

17.     Ms. Creech seeks declaratory and injunctive relief. (pet. at ¶¶ 16-24 & prayer, dkt. 1-2.) These claims should be dismissed with the underlying breach of contract claim. *Bourgeois v. Select Portfolio Servicing, Inc.*, No. 3:22-cv-146, 2023 U.S. Dist. LEXIS 97303, *13 (S.D. Tex.

May 1, 2023) ("Claims for declaratory and injunctive relief require a valid underlying substantive cause of action."); *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014) ("Because . . . none of plaintiffs' claims can withstand dismissal . . . plaintiffs' requests for declaratory and injunctive relief . . . cannot survive. Declaratory judgment and injunctive relief are forms of relief based on underlying claims.")

## VI.   PRAYER

For these reasons, Deutsche Bank requests this court dismiss Mr. Creech's claims with prejudice and grant it any and all further relief to which it is entitled.

Date: May 29, 2025

Respectfully submitted,

*/s/ Charles Townsend*
C. Charles Townsend,
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
--*Attorney in Charge*
Alfredo Ramos,
SBN: 24110251, FBN: 3687680
framos@hinshawlaw.com
HINSHAW & CULBERTSON LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6390
Facsimile: 312-704-3001

**ATTORNEYS FOR DEUTSCHE BANK**

**CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on May 29, 2025 as follows:

David Medearis
Medearis Law Firm, PLLC
1560 W. Bay Area Blvd., Suite 200
Friendswood, Texas 77546
**VIA CM/ECF SYSTEM**

*/s/ Charles Townsend*
C. Charles Townsend